

1  COOLEY GODWARD KRONISH LLP
   JOHN C. DWYER (136533)
2  ANGELA L. DUNNING (212047)
   ADAM C. TRIGG (261498)
3  Five Palo Alto Square
   3000 El Camino Real
4  Palo Alto, CA 94306-2155
   Telephone:    (650) 843-5000
5  Facsimile:    (650) 857-0663

6  Attorneys for Defendants
   KUDELSKI SA and KUDELSKI INTERACTIVE CAYMAN,
7  LTD.

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12  CHARLES MICHAEL FOLEY, on behalf of     No. CV 09 4896
    himself and all others similarly situated
13                                          CLASS ACTION
              Plaintiff,
14                                          NOTICE OF REMOVAL OF ACTION UNDER
       v.                                   28 U.S.C. §§ 1332, 1441
15
    KUDELSKI SA, KUDELSKI
16  INTERACTIVE CAYMAN, LTD., ANDRE
    KUDELSKI and DOES 1 THROUGH 50,
17
              Defendants.
18

19

20  **TO PLAINTIFF, HIS ATTORNEYS OF RECORD, AND THE CLERK OF THE ABOVE**

21  **CAPTIONED COURT:**

22       **PLEASE TAKE NOTICE** that defendants Kudelski SA and Kudelski Interactive

23  Cayman, Ltd. (collectively, "Defendants") hereby remove the above-captioned action from the

24  Superior Court of the State of California, County of San Francisco, where the action is now

25  pending, to the United States District Court for the Northern District of California.  This civil

26  action is removed on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

27  In support of this Notice of Removal, Defendants state as follows:

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

803347 v1/PA                    1.              NOTICE OF REMOVAL UNDER
                                                28 U.S.C. §§ 1332, 1441

1

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

2

**1.** On or about October 8, 2009, Charles Michael Foley ("Plaintiff") filed a Class
3 Action Complaint in the Superior Court of the State of California, County of San Francisco (the
4 "State Court"), entitled *Charles Michael Foley, on behalf of himself and all others similarly*
5 *situated v. Kudelski SA., et al.*, Case No. CGC-09-493298 (the "Complaint").

6

**2.** True and correct copies of the Summons and Complaint are attached hereto as
7 Exhibit 1. The Summons and Complaint have not been served on any defendant. By filing this
8 Notice of Removal, Defendants expressly reserve and do not waive any argument or defense
9 based on the lack of service of process or lack of personal jurisdiction of this Court or the State
10 Court. *See, e.g., Dielsi v. Falk*, 916 F. Supp. 985, 994 (C.D. Cal. 1996) (noting that a defendant
11 does not waive jurisdictional challenges by removing from state to federal court); *Nationwide*
12 *Eng'g & Control Sys., Inc. v. Thomas*, 837 F.2d 345, 347-48 (8th Cir. 1988) ("Removal, in itself,
13 does not constitute a waiver of any right to object to lack of personal jurisdiction.") (internal
14 citation omitted); *Team Enters., LLC v. Western Inv. Real Estate Trust*, Case No. CV F 08-1050
15 LJO SMS, 2008 WL 4367560, at \*2 (E.D. Cal. Sep. 23, 2008) (holding that joinder in notice of
16 removal did not constitute a waiver of defendant's right to challenge service of process or
17 personal jurisdiction).

18

**3.** The Complaint alleges the following claims against Defendants Kudelski SA,
19 Kudelski Interactive Cayman, Ltd. and defendant André Kudelski: (1) breach of fiduciary duty;
20 (2) breach of the duty of candor; and (3) for injunctive relief. (Compl. ¶¶ 42-55.)

21

**4.** This Notice of Removal is timely because the Complaint was filed on October 8,
22 2009, and no defendant has been served. *See* 28 U.S.C. §§ 1446(b), 1448.

23

**5.** Joinder by André Kudelski in this Notice of Removal is not required because he
24 has not yet been served. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th
25 Cir. 1984); *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997).

26

**6.** Removal to this judicial district is proper under 28 U.S.C. § 1446(a) because it
27 embraces the place where this action was originally pending, namely, the San Francisco County
28 Superior Court.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

803347 v1/PA

2.

**NOTICE OF REMOVAL UNDER
28 U.S.C. §§ 1332, 1441**

## DIVERSITY OF CITIZENSHIP

**7.** Plaintiff and all defendants are citizens of different states, and no defendant is a citizen of the forum state, California.

**8.** On information and belief, Plaintiff is and at all relevant times was a citizen of the United States and is not a citizen of Switzerland or the Cayman Islands.

**9.** Defendant Kudelski SA is a public limited company organized under the laws of Switzerland, with its principal place of business at 22-24, Route de Genève, Casse Postale 134, 1033 Cheseaux, Switzerland. (Compl. ¶ 5; *see also* Declaration of Angela L. Dunning filed concurrently herewith ("Dunning Decl.") ¶ 2, Ex. A (Form SC 13 D/A, filed with the SEC on October 5, 2009) at 7.)

**10.** Defendant Kudelski Interactive Cayman, Ltd. is an exempt company organized under the laws of the Cayman Islands, with its principal place of business at 22-24, Route de Genève, Casse Postale 134, 1033 Cheseaux, Switzerland. (Compl. ¶ 6; *see also* Dunning Decl. ¶ 2, Ex. A at 7.) Accordingly, Defendant Kudelski Interactive Cayman, Ltd. is a citizen of both the Cayman Islands and Switzerland pursuant to 28 U.S.C. § 1332(c)(1).

**11.** On information and belief, defendant André Kudelski is a citizen and resident of Switzerland and maintains his principal business address at 22-24, Route de Genève, Casse Postale 134, 1033 Cheseaux, Switzerland. (Compl. ¶ 7; *see also* Dunning Decl. ¶ 2, Ex. A at 7.)

**12.** The citizenship of unnamed "Doe" defendants sued under fictitious names is disregarded for purposes of removal. 28 U.S.C. § 1441(a).

## AMOUNT IN CONTROVERSY

**13.** Without conceding the validity of Plaintiff's theories of damages or liability, the Complaint seeks to enjoin a tender offer by Kudelski Interactive Cayman, Ltd. to acquire more than 90,000,000 shares of OpenTV Corp. at a price of $1.55 per share, or roughly $139,500,000. (*See* Compl. ¶¶ 12, 18-19, 23.) The Complaint further alleges that Defendants and André Kudelski are liable for any and all profits they received as a result of their conduct alleged in the Complaint and for compensatory damages. (Compl., Prayer ¶¶ 6-7.) Accordingly, the amount in

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

803347 v1/PA                          3.          **NOTICE OF REMOVAL UNDER
28 U.S.C. §§ 1332, 1441**

1  controversy in this action exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C.

2  § 1332(a).

3  ## NOTICE TO THE SUPERIOR COURT AND PLAINTIFF

4  **14.** Contemporaneously with the filing of this Notice of Removal in the above-

5  captioned court, and pursuant to 28 U.S.C. § 1446(d), Defendants will file a true and correct copy

6  of this Notice of Removal with the clerk of the Superior Court for the County of San Francisco.

7  **15.** Defendants will also promptly serve written notice of this filing on Plaintiff,

8  through his counsel, as required by 28 U.S.C. § 1446(d).

9  **16.** Nothing herein constitutes a waiver of any of Defendants' rights, objections or

10  defenses.

11  WHEREFORE, Defendants respectfully request that this action proceed in this Court.

12

13  Dated: October 15, 2009                    COOLEY GODWARD KRONISH LLP

14

15                                        By: _Angela Dunning_
                                                Angela L. Dunning

16

17                                        Attorneys for Defendants
                                          KUDELSKI SA and KUDELSKI INTERACTIVE
                                          CAYMAN, LTD.

18

19

20

21

22

23

24

25

26

27

28

803347 v1/PA                        4.                    **NOTICE OF REMOVAL UNDER
                                                           28 U.S.C. §§ 1332, 1441**

Exhibit 1

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

KUDELSKI SA; KUDELSKI INTERACTIVE CAYMAN, LTD.;
ANDRE KUDELSKI; and DOES 1 THROUGH 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHARLES MICHAEL FOLEY, on behalf of himself and all others
similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

  You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

  *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

  *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>San Francisco County Superior Court<br>400 McAllister Street, San Francisco, California 94102 | CASE NUMBER:<br>*(Número del Caso):*<br><br>**CGC-09-493298** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
BERMAN DeVALERIO, 425 California St., Suite 2100, San Francisco, CA 94104, Tel. (415) 433-3200

DATE: **OCT - 8 2009**   **GORDON PARK-LI**, Clerk, by   **P. NATT**, Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| | 1. ☐ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☐ on behalf of *(specify):* |
| | under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person) |
| | ☐ other *(specify):* |
| | 4. ☐ by personal delivery on *(date):* |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Joseph J. Tabacco, Jr. (75484)
BERMAN DeVALERIO
425 California Street, Suite 2100, San Francisco, CA 94104
TELEPHONE NO.: 415-433-3200   FAX NO.: 415-433-6382
ATTORNEY FOR (Name): Charles Michael Foley

**ENDORSED FILED**
**SUPERIOR COURT**
**COUNTY OF SAN FRANCISCO**

OCT - 8 2009

**GORDON PARK-LI, Clerk**
**PARAM NATT**
BY:
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME:
Foley v. Kudelski SA, et al.

| CIVIL CASE COVER SHEET | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter    ☐ Joined | | CGC · 09 · 493298 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE:    DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve      e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. ☑ Substantial amount of documentary evidence      f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.☑ monetary   b.☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify):
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 8, 2009
Christopher T. Heffelfinger
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Joseph J. Tabacco, Jr. (75484)
jtabacco@bermandevalerio.com
Christopher T. Heffelfinger(118058)
cheffelfinger@bermandevalerio.com
James Magid (233043)
jmagid@bermandevalerio.com
**BERMAN DEVALERIO**
425 California Street, Suite 2100
San Francisco, CA 94010
Telephone: (415) 433-3200
Facsimile: (415) 433-6282

Robert M. Kornreich
rkornreich@wolfpopper.com
Carl L. Stine
cstine@wolfpopper.com
**WOLF POPPER LLP**
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093

Attorneys for Plaintiff

**ENDORSED FILED**
**SUPERIOR COURT**
**COUNTY OF SAN FRANCISCO**

OCT − 8 2009

**GORDON PARK-LI, Clerk**
BY: _____ **PARAM NATT**
Deputy Clerk

**CASE MANAGEMENT CONFERENCE SET**

MAR 1 2 2010   9:00 AM

DEPARTMENT 212

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

CGC · 09 · 493298

| | |
|---|---|
| CHARLES MICHAEL FOLEY, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | **JURY TRIAL DEMANDED** |
| KUDELSKI SA, KUDELSKI INTERACTIVE CAYMAN, LTD., ANDRE KUDELSKI, and DOES 1 THROUGH 50, | |
| Defendants. | |

CLASS ACTION COMPLAINT

1    Plaintiff, Charles Michael Foley, individually and on behalf of all others similarly situated,
2 by his attorneys, alleges the following based upon the investigation of his counsel, except as to
3 allegations specifically pertaining to Plaintiff and his counsel, which are based on personal
4 knowledge.

5 **I.    SUMMARY OF COMPLAINT**

6    1.    This is a class action against Kudelski SA, Kudelski Interactive Cayman, Ltd., and
7 Andre Kudelski ("Defendants") commenced on behalf of the public stockholders of OpenTV Corp.
8 ("OpenTV" or the "Company"), other than Defendants and their affiliates. Kudelski SA, together
9 with its wholly owned affiliates (together, the "Kudelski Group"), owns approximately 13.4% of the
10 outstanding Class A ordinary shares of the Company and 100% of the Company's outstanding Class
11 B ordinary shares, together representing 77.2% of the total voting power of the company, seeking
12 equitable relief relating to the buyout of OpenTV's common stock for grossly inadequate
13 consideration (the "Buyout Transaction" or "Tender Offer"). Plaintiff alleges that he and other
14 public shareholders of OpenTV Class A ordinary shares are entitled to enjoin the Buyout
15 Transaction or, alternatively, recover damages in the event the Buyout Transaction is consummated.
16 Defendants have structured the Buyout Transaction in a way that is unfair to Plaintiff and the other
17 public shareholders of OpenTV. Defendants' offer is grossly inadequate and seeks to coerce the
18 public shareholders to tender their shares, regardless of the grossly inadequate consideration being
19 offered. Moreover, the Schedule TO that Defendants filed contains insufficient information to allow
20 the public shareholders to make an informed decision as to whether to tender their shares.

21 **II.    JURISDICTION AND VENUE**

22    2.    This Court has jurisdiction over Defendants because they conduct business in
23 California, including, but not limited to, the conduct here at issue, the attempted buyout of OpenTV,
24 which is headquartered in San Francisco, California, or because they have sufficient minimum
25 contacts with California to render the exercise of jurisdiction by the California courts permissible
26 under traditional notions of fair play and substantial justice. This action is not removable.

27    3.    Venue is proper in this Court because the conduct at issue took place and has effect in

28

1

[CLASS ACTION COMPLAINT

1  this County. OpenTV's headquarters and principal place of business is in the County at 275
2  Sacramento Street, San Francisco, California.

3  **III.   PARTIES**

4      4.      Plaintiff is, and has been at all relevant times, the owner of shares of OpenTV Class A
5  ordinary shares.

6      5.      Defendant Kudelski SA ("KSA," and together with its wholly owned subsidiaries, the
7  "Kudelski Group") describes itself as "a world leader in digital security and convergent media
8  solutions for the delivery of digital and interactive content." KSA is headquartered at 22-24, Route
9  de Genève, Casse Postale 134, 1033 Cheseaux, Switzerland.

10     6.      Defendant Kudelski Interactive Cayman, Ltd. ("KIC") is a wholly owned subsidiary
11 of KSA. KIC is the entity that is making the offer to purchase all OpenTV Class A ordinary shares
12 not owned by the Kudelski Group. .

13     7.      Defendant André Kudelski ("Kudelski") has been a director of KSA since 1987,
14 Chairman of its Board since 1991, and Chief Executive Officer since 1991. He has been a director
15 of OpenTV since January 2007 and OpenTV's Executive Chairman of the Board since March 2007.
16 According to the Schedule TO (as defined below), "Kudelski may be deemed to be the beneficial
17 owner of the [Class A ordinary shares] beneficially owned by [KSA] through his control of a
18 majority of the voting securities of [KSA]."

19     8.      The true names and identities, whether individual, associate or corporate, of the
20 defendants sued herein as Does 1 through 50 inclusive, and the full nature and extent of the
21 participation of the said Doe defendants in the activities and conduct on which this action is based,
22 are presently unknown to Plaintiff, who prays leave to amend to allege the true names and identities,
23 and the extent of participation in the wrongful activities and conduct, when the same shall become
24 known.

25     9.      By reason of their positions as directors and/or controlling shareholders of OpenTV,
26 and because of their ability to control the business and corporate affairs of OpenTV, Kudelski and
27 the Kudelski Group owed OpenTV and its shareholders fiduciary obligations of good faith, loyalty,

28

2

[CLASS ACTION COMPLAINT

1   and candor, and were required to use their utmost ability to control and manage OpenTV in a fair,

2   just, honest, and equitable manner.   Kudelski and the Kudelski Group were required to act in

3   furtherance of the best interests of OpenTV and its shareholders so as to benefit all OpenTV

4   shareholders equally and not in furtherance of their personal interest or benefit or the interests or

5   benefits of others. Each of Kudelski and the Kudelski Group owed to OpenTV and its shareholders

6   the fiduciary duty to exercise good faith and diligence in the administration of the affairs of the

7   Company and in the use and preservation of its property and assets, and the highest obligation of fair

8   dealing.  In addition, Kudelski and the Kudelski Group owe a fiduciary duty to the Company's

9   shareholders to not use their controlling position to wrongfully benefit themselves at the public

10   shareholders' expense.

11   **IV.      CLASS ACTION ALLEGATIONS**

12            10.      Plaintiff brings this action as a class action, pursuant to pursuant to California Code

13   of Civil Procedure Section 382 on behalf of all public stockholders of the Company (except the

14   Defendants herein and any person, firm, trust, corporation, or other entity related to, or affiliated

15   with, any of the Defendants) and their successors in interest, who are or will be threatened with

16   injury arising from Defendants' actions as more fully described herein (the "Class").

17            11.      This action is properly maintainable as a class action.

18            12.      The Class is so numerous that joinder of all members is impracticable.  As of June 30,

19   2009, there were over 107 million shares of the Company's Class A ordinary shares outstanding

20   owned by thousands of holders other than Defendants.  The Company's common stock is listed and

21   actively traded on the NASDAQ Global Market.

22            13.      There are questions of law and fact which are common to the Class including, inter

23   alia, the following: (a) whether the Defendants have breached their fiduciary and other common law

24   duties owed by them to Plaintiff and the other members of the Class; (b) whether Defendants are

25   pursuing a scheme and course of business designed to eliminate the public stockholders of the

26   Company in violation of their fiduciary duties in order to enrich themselves at the expense and to the

27   detriment of Plaintiff and the other public stockholders who are members of the Class; (c) whether

28

3

1   the Buyout Transaction, hereinafter described, constitutes a breach of the duty of fair dealing with

2   respect to Plaintiff and the other members of the Class; (d) whether the Tender Offer is coercive; and

3   (e) whether the Class is entitled to injunctive relief and/or damages as a result of the wrongful

4   conduct committed by Defendants.

5       14.     Plaintiff is committed to prosecuting this action and have retained competent counsel

6   experienced in litigation of this nature.  The claims of Plaintiff are typical of the claims of other

7   members of the Class and Plaintiff has the same interests as the other members of the Class.

8   Plaintiff will fairly and adequately represent the Class.

9       15.     Defendants have acted in a manner which affect Plaintiff and all members of the

10   Class alike, thereby making appropriate injunctive relief and/or corresponding declaratory relief with

11   respect to the Class as a whole.

12      16.     The prosecution of separate actions by individual members of the Class would create

13   a risk of inconsistent or varying adjudications with respect to individual members of the Class which

14   would establish incompatible standards of conduct for Defendants, or adjudications with respect to

15   individual members of the Class which would, as a practical matter, be dispositive of the interests of

16   other members not parties to the adjudications or substantially impair or impede their ability to

17   protect their interests.

18   **V.    FACTUAL ALLEGATIONS**

19      17.     OpenTV describes itself as a provider of advanced digital television solutions for

20   creating and delivering viewing experiences to consumers of digital content worldwide.  Its software

21   enables cable, satellite, telecommunications, and digital terrestrial operators to offer enhanced

22   television experiences to their viewers.  It is incorporated in the British Virgin Islands and its

23   headquarters are located at 275 Sacramento Street, San Francisco, CA 94111.

24      **A.    Defendants' Relationship with OpenTV**

25      18.     Since January 16, 2007, the Defendants have been the controlling shareholders of the

26   Company.  On that date, KIC purchased 6,533,951 Class A ordinary shares and Kudelski Interactive

27   USA, Inc. purchased 30,206,154 Class B ordinary shares from affiliates of Liberty Media Corp.  In

28

4

[CLASS ACTION COMPLAINT

1 │ addition, between September 2007 and February 2008, KSA purchased a total of 7,902,197 Class A
2 │ ordinary shares through open-market purchases. According to the Schedule TO (as defined below),
3 │ "Kudelski may be deemed to be the beneficial owner of the [Class A ordinary shares] beneficially
4 │ owned by [KSA] through his control of a majority of the voting securities of [KSA]."

5 │     19.     As of October 5, 2009, Defendants own 14,436,148 of the outstanding Class A
6 │ ordinary shares, representing approximately 13.4% of all such shares, and 100% of the outstanding
7 │ Class B ordinary shares. All such Class A and Class B shares owned by the Kudelski Group
8 │ together represent 32.3% of the all outstanding ordinary shares and approximately 77.2% of the total
9 │ voting power of the Company.

10 │     **B.**     **Defendants' Buyout Transaction**

11 │     20.     On February 26, 2009, Kudelski, on behalf of Kudelski SA, sent a letter to the
12 │ Company's board of directors proposing to acquire all the shares of the Company it did not already
13 │ own for $1.35 per share.

14 │     21.     On March 4, 2009, the Board appointed a special committee (the "Special
15 │ Committee"), consisting of Deiss, Machovina, and Tveter, to consider Kudelski's proposal.

16 │     22.     On June 2, 2009, the Special Committee rejected the proposal, which was withdrawn
17 │ by the Kudelski Group on June 4, 2009.

18 │     23.     On October 5, 2009, the Kudelski Group announced that its wholly owned subsidiary
19 │ KIC had commenced a tender offer to acquire all outstanding Class A ordinary shares of OpenTV
20 │ not already owned by the Kudelski Group for $1.55 per share. According to the press release, the
21 │ Tender Offer is scheduled to expire at 5:00 pm New York City time on Friday, November 6, 2009,
22 │ unless extended. "The commencement and consummation of the tender offer does not require the
23 │ approval or recommendation of the OpenTV board, and Kudelski has not asked the OpenTV board
24 │ to approve the tender offer."

25 │     24.     The Kudelski Group's press release announcing the Buyout Transaction stated as
26 │ follows:

27 │     The Kudelski Group (SIX: KUD.VX) today announced that its wholly owned
    subsidiary, Kudelski Interactive Cayman, Ltd., has commenced a tender offer to
28 │     acquire all outstanding Class A shares of OpenTV Corp. (NASDAQ: OPTV) not

5

[CLASS ACTION COMPLAINT]

owned by Kudelski or its subsidiaries for US$1.55 per share in cash. Kudelski's offer is not conditioned on a minimum number of Class A shares being tendered.

The offer price provides a meaningful premium to recent trading values of the Class A shares and represents:

- a 17% premium to the closing price of the Class A shares of $1.33 on October 2, 2009, the last trading day prior to the date on which the offer was commenced;
- a 17% premium to the average closing price of the Class A shares from June 4, 2009, the day on which Kudelski withdrew its proposal to acquire the outstanding Class A shares of OpenTV not owned by Kudelski or its affiliates at $1.35 per share, up to and including October 2, 2009;

- a 55% premium to the closing price of the Class A shares on February 26, 2009, the last trading day prior to the date of the announcement of Kudelski's proposal to acquire the outstanding Class A shares of OpenTV not owned by Kudelski or its affiliates at $1.35 per share; and

- a premium of approximately 42% to the enterprise value implied by the closing price of the Class A shares on October 2, 2009, the last trading day prior to the date on which the offer was commenced and a premium of approximately 190% to the enterprise value implied by the closing price of the Class A shares on February 26, 2009, the last trading day prior to the date of the announcement of Kudelski's proposal to acquire the outstanding Class A shares of OpenTV not owned by Kudelski or its affiliates at $1.35 per share.

Kudelski said its all cash offer provides OpenTV shareholders immediate liquidity at a superior value to OpenTV's future prospects, particularly given OpenTV's current scale and R&D challenges and the significant amount of new investment required for OpenTV to remain competitive as a standalone, publicly-traded company. In addition to delivering fair value to shareholders of OpenTV, Kudelski believes the combination is in the best interest of OpenTV's employees, customers and partners because of Kudelski's commitment to the sustainability of the business and Kudelski's ability to invest in R&D and growth to ensure OpenTV has a strong future in the context of an intensely competitive environment.

The tender offer and withdrawal rights are scheduled to expire at 5:00 pm New York City time on Friday, November 6, 2009, unless extended. Kudelski and its subsidiaries currently own approximately 13.4% of OpenTV's outstanding Class A shares and 100% of OpenTV's outstanding Class B shares, which together represent approximately 32.3% of the total outstanding shares of OpenTV and 77.2% of the voting power of OpenTV's shares. Kudelski plans to finance the transaction through a credit facility, as well as from available cash held by Kudelski and its subsidiaries. The commencement and consummation of the tender offer does not require the approval or recommendation of the OpenTV board, and Kudelski has not asked the OpenTV board to approve the tender offer.

25.     OpenTV did not issue a press release in response to the Buyout Transaction.

26.     On that same day, KIC filed its Schedule TO containing its Offer to Purchase for Cash all Outstanding Class A Ordinary Shares (the "Offer to Purchase").

6

[CLASS ACTION COMPLAINT

1   **C.   Defendants' Offer Is Coercive**

2   27.   The Offer to Purchase contains substantial coercive threats as to what might happen

3   to those who decide not to tender their shares. Thus, if the Kudelski Group acquires 90% or more of

4   the Company's shares in the Tender Offer, it may or may not acquire the remaining shares, and not

5   necessarily at the same $1.55 per share price:

6   > If following the consummation of the offer Kudelski SA and its wholly owned
7   > subsidiaries own ordinary shares of OpenTV Corp. representing 90% or more of the
    > total voting power of the outstanding ordinary shares of OpenTV Corp., we will be
    > eligible to **and may cause** OpenTV Corp. to redeem all Class A ordinary shares that
8   > remain outstanding following the offer and that are not owned by Kudelski SA or its
    > wholly owed subsidiaries under Sections 176 and 179 of the British Virgin Islands
9   > Business Companies Act, 2004, as amended. If the offer is consummated and a
    > subsequent redemption takes place, shareholders not tendering in the offer . . . will
10  > receive the per share consideration paid in the redemption, which would be the "fair
    > value" of the Class A ordinary shares as determined by the directors of OpenTV
11  > Corp. in accordance with their fiduciary duties under the laws of the British Virgin
    > Islands. [Emphasis added.]

12

13  28.   More specifically, the Offer to Purchase states that a "subsequent redemption" would

14  not take place either because the Kudelski Group does not end up owning 90% or more of the total

15  voting power of OpenTV's shares or "because we decide not to cause a subsequent redemption to

16  take place." Also, "We have made no decision at this time as to whether we will cause the Company

17  to redeem all Shares that remain outstanding following the Offer and that are not owned by the

18  Kudelski Group, and we currently intend to make such a decision following the expiration of the

19  Offer." Also, "No assurance can be given as to the price per Share that may be paid in any such

20  future acquisition of Shares or the form of consideration that may be offered in any such future

21  acquisition."

22  29.   Also in the Offer to Purchase, the Kudelski Group threatened to de-list the

23  Company's shares if it acquires a majority of the Class A ordinary shares that it does not already

24  own and decides not to cause a "subsequent redemption."

25  30.   The Offer to Purchase also contains no minimum tender condition, such as

26  conditioning the Offer on the tender of a majority of the shares unaffiliated with the Kudelski Group.

27

28

7

[CLASS ACTION COMPLAINT

**D.    Defendants' Offer Is Grossly Inadequate**

31.    Immediately after the announcement of the proposed Buyout Transaction, the Company's stock began trading above the offer price at over $1.55 per share, demonstrating that the market does not believe that the Tender Offer will succeed at the current price.

32.    The announcement of the Tender Offer comes only two months after the Company posted significantly improved second quarter results.  According to the Company's CFO in the second quarter earnings call on August 6, 2009:

      a.    "Revenues inQ2 09 were $27.6 million, up $800,000 from revenues of $26.8 million in Q2 08";

      b.    "Net income in Q2 09 was $1.7 million, compared to breakeven net income in Q2 of 08";

      c.    "Our balance sheet and financial position remain strong.  Our portfolio of cash, cash equivalents and marketable debt securities as of June 30, 2009 was $111 million compared to $100 million on June 30, 2008 and $103 million on December 31, 2008"; and

      d.    "[W]e continue to expect to be profitable at the net income level for full year 2009."

33.    The $111 million in cash, cash equivalents, and marketable debt securities held by the Company as of June 30, 2009, represents over $1.18 per share of the over 93.4 million shares not owned by the Kudelski Group and over $1.02 per share when all approximately 107.9 million Class A shares are considered.

34.    On February 25, 2009, the Company announced that it had reached full-year profitability for the first time in the Company's history.  For 2008, the Company recorded $9.6 million in profit, as opposed to a loss of $5.2 million in 2007.  Revenues increased dramatically during the same period from $6.5 million in 2007 to $116.5 million in 2008.

35.    As recently as September 22, 2009, Kaufman Bros instituted a "buy" rating on the Company and set as a target price $2.00 per share, as opposed to the $1.55 per share Offer price.

36.    Defendants have clear and material conflicts of interest and are acting to better their

8

[CLASS ACTION COMPLAINT

1 own interests at the expense of OpenTV's public shareholders.

2     37.    Essentially, Defendants have engineered and timed the Buyout Transaction to freeze
3 out OpenTV's public shareholders and to allow themselves to capture the benefits of OpenTV's
4 promising future potential without paying adequate or fair consideration to the Company's public
5 shareholders.

6     38.    The Buyout Transaction is the product of unfair dealing, and the price of $1.55 per
7 share to be paid to Class members is unfair and so grossly inadequate as to constitute a gross breach
8 of trust committed by Defendants against the public stockholders because, among other things:

9     a.    the intrinsic value of the stock of the Company is materially in excess of $1.55
10 per share, giving due consideration to the prospects for growth and profitability of the Company in
11 light of its business, earnings and earnings power, present and future;

12     b.    the $1.55 per share price offers an inadequate premium to the public
13 stockholders of the Company;

14     c.    the buyout price of $1.55 per share in cash being offered to investors
15 represents a below average premium of approximately 16.5% over the closing price of OpenTV's
16 common stock on the date prior to the announcement of the Buyout Transaction, a premium that is
17 significantly lower than the 35% premium offered in the Kudelski Group's initial bid in February
18 2009; and

19     d.    the buyout price is significantly below the premium paid in acquisitions of
20 comparable businesses.

21     **E.**    **The Information in the Schedule TO Is Materially Inadequate**

22     39.    Defendants have also breached their fiduciary duties to Plaintiff and the other
23 members of the Class because the Offer to Purchase contains materially inadequate information
24 concerning the Buyout Transaction in, among other things, the following respects:

25     a.    In the Offer to Purchase, Defendants state that the Company projections
26 provided to them by the Special Committee (i) do not reflect the Company's actual performance
27 since their preparation; (ii) do not reflect changes in the Company's business or changes in the

28

9

[CLASS ACTION COMPLAINT

1  economy in general since their preparation; and (iii) do not adequately reflect the Company's risks.
2  Specifically, Defendants state:

3          (i)     that there is a material risk that some of the Company's customers will
4  not be retained "if the Company does not take significant actions with respect to product strategy and
5  research and development investment." While the Offer to Purchase provides Defendants'
6  downward dollar adjustments to the projections based on the loss of customers, it does not disclose
7  the basis for this statement or the amount of the adjustment or what significant action Defendants
8  believe the Company needs to take that are not already being considered and accounted for in the
9  projections;

10          (ii)    that revenue growth should not be assumed in future years from new
11  customers, "when in fact the Company has been challenged to gain traction with new customers due
12  to underinvestment in the evolution of its core technology." While the Offer to Purchase provides
13  Defendants' downward dollar adjustments to the projections based on obtaining fewer new
14  customers, it does not disclose the basis for this statement, especially in light of the Company's
15  significant recent revenue growth and profitability, the amount of the adjustment, or what
16  investments Defendants believe the Company needs to make that are not already being considered
17  and accounted for in the projections; and

18          (iii)   that the pricing assumptions in the projections are too aggressive in
19  assuming minimal price erosion with many current customers. While the Offer to Purchase provides
20  Defendants' adjustments to the projections based on less aggressive assumptions, it does not disclose
21  the basis for this statement or the adjustments.

22      40.    By reason of all of the foregoing, the Tender Offer is coercive and does not disclose
23  all material information and Defendants have breached their duty to offer fair consideration in the
24  Tender Offer.

25      41.    Unless enjoined by this Court, Defendants will continue to breach their fiduciary
26  duties owed to Plaintiff and the Class, and may consummate the proposed transactions, which will
27  exclude the Class from its fair share of OpenTV's valuable assets and business, and/or benefit

28

10

[CLASS ACTION COMPLAINT

1 Defendants in the unfair manner complained of herein, all to the irreparable harm of the Class.

2                                    **FIRST CAUSE OF ACTION**

3                                    **For Breach of Fiduciary Duty**

4      42.     Plaintiff repeats and realleges the allegations as in the paragraphs above, as if fully set
5 forth herein.

6      43.     By reason of the foregoing, Defendants, as controlling shareholders of the Company,
7 violated fiduciary duties to Plaintiff and the other Class members by failing to offer a fair price to
8 OpenTV's public shareholders. This breach of fiduciary duty includes Defendants' attempt to
9 obtain the remaining Class A stock of OpenTV that they did not own for grossly inadequate
10 consideration. Defendants have engineered and timed the Buyout Transaction to attempt to freeze
11 out OpenTV's public shareholders and to allow themselves to capture the benefits of OpenTV's
12 promising future potential without paying adequate or fair consideration to the Company's public
13 shareholders.

14     44.     Defendants offer represents grossly inadequate consideration for OpenTV
15 shareholders. But for Defendants' vast majority of voting shares, the Buyout Transaction would
16 never be consummated.

17     45.     Defendants further breached their fiduciary duties by, *inter alia*, putting their interests
18 ahead of the interests of the Company and its shareholders.

19     46.     Moreover, Defendants have violated their duties of good faith and loyalty by
20 structuring the Buyout Transaction in a way that is unfair to Plaintiff and the Class in that it is
21 designed to unfairly coerce Plaintiff and the Class to tender their shares, regardless of the merits of
22 the transaction. Thus, there is no minimum tender condition, pursuant to which the transaction could
23 only be consummated if a majority of the unaffiliated shareholders chose to tender the shares; if
24 Defendants acquire 90% or more of the Class A shares in the transaction, Defendants have not
25 indicated that they will acquire the remaining shares at the same or better consideration thus leaving
26 Plaintiff and the Class threatened with the prospect of holding illiquid and de-listed shares if they
27 choose not to tender; and rather than represent that they will seek to have OpenTV shares' listing

28

                                          11

[CLASS ACTION COMPLAINT]

1 || continue after the transaction, Defendants threaten that they will actively seek to have the shares de-

2 || listed. Because of this coercion, Plaintiff and the members of the Class do not have a free choice

3 || whether or not to tender their shares.

4 ||                    **SECOND CAUSE OF ACTION**

5 ||                     **For Breach of Duty of Candor**

6 ||      47.     Plaintiff repeats and realleges the allegations in the paragraphs above as if fully set

7 || forth herein.

8 ||      48.     The Schedule TO contains materially misleading statements and omissions. Without

9 || material and accurate information, OpenTV's public shareholders cannot make an informed

10 || judgment as to whether to tender their shares. Defendants have breached their duty to fully and

11 || faithfully disclose all material information in the Schedule TO concerning the Buyout Transaction.

12 ||      49.     Plaintiff and the Class have been and will be damaged in that they are not and will not

13 || receive full and fair information to allow them to make an informed decision as to whether or not to

14 || tender their shares and will be required to exchange their OpenTV shares for inadequate

15 || consideration based on the material false and misleading statements and omissions in the Schedule

16 || TO.

17 ||      50.     .Plaintiff and the other Class members are immediately threatened by the acts and

18 || transactions complained of herein will suffer irreparable harm unless Defendants are enjoined from

19 || breaching their fiduciary duties as set forth herein.

20 ||                     **THIRD CAUSE OF ACTION**

21 ||                      **For Injunctive Relief**

22 ||      51.     Plaintiff repeats and realleges the allegations as in the paragraphs above, as if fully set

23 || forth herein.

24 ||      52.     By reason of the foregoing, Plaintiff and the other Class members will be irreparably

25 || harmed unless the Buyout Transaction is enjoined by this Court.

26 ||      53.     The harm that threatens Plaintiff and the other Class members outweighs the potential

27 || harm to Defendants if this Court grants an injunction. Defendants embarked on a self-interested

28 || buy-out transaction that will benefit only themselves. The Buyout Transaction, as it is currently

                                                    12

[CLASS ACTION COMPLAINT

1  designed, is unfairly coercive and, therefore, Plaintiff and the members of the Class do not have a

2  free choice as to whether or not to tender their shares. Thus, absent injunctive relief, they will be

3  coerced into ceding their  equity stake in OpenTV toDefendants, and its valuable assets for

4  Defendants' own benefit at the expense of OpenTV's public stockholders.  If this Buyout

5  Transaction is completed through Defendants' coercion, Plaintiff and the other Class members will

6  be deprived of their equity investment and the benefits thereof, including, among other things, the

7  expected growth in the Company's profitability, which they will be unable to recover if the Proposed

8  Transaction is consummated.  Moreover, the Schedule TO is materially false and misleading,

9  denying Plaintiff and the Class full and fair information to allow them to make an informed decision

10  as to whether or not to tender their shares.

11      54.      Plaintiff and the other Class members are likely to succeed on the merits of their

12  claims. The coercive Buyout Transaction that Defendants have orchestrated is so self-interested that

13  they alone will stand to gain. This is in stark contrast to the fiduciary duties of care, loyalty to

14  OpenTV's minority shareholders that Defendants are required to exercise as a majority shareholder

15  and directors of the Company.

16      55.      Plaintiff and the other members of the Class have no adequate remedy at law.

17      WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as

18  follows:

19      (1)      an Order certifying this action as a class action and designating Plaintiff as class

20  representative and the undersigned counsel as class counsel;

21      (2)      enjoining preliminarily and permanently, the Buyout Transaction complained of

22  herein;

23      (3)      declaring that the Buyout Transaction is in breach of Defendants' fiduciary duties;

24      (4)      requiring the Individual Defendants to fulfill their fiduciary duties of loyalty, care,

25  and candor, as alleged herein;

26      (5)      rescinding, to the extent implemented prior to the entry of this Court's final judgment

27  the Buyout Transaction complained of, or granting the Class rescissory damages;

28

13

[CLASS ACTION COMPLAINT

1     (6)    directing that Defendants account to Plaintiff and the other members of the Class for

2  all damages caused to them and account for all profits and any special benefits obtained as a result of

3  their unlawful conduct;

4     (7)    awarding Plaintiff and the Class appropriate compensatory damages;

5     (8)    awarding Plaintiff the costs, expenses and disbursements of this action, including any

6  reasonable attorneys' and experts' fees and expenses ; and, if applicable, pre- and post-judgment

7  interest;

8     (9)    awarding Plaintiff and the Class any other compensatory, equitable and declaratory

9  relief as this Court deems just, equitable and proper.

10                   **JURY DEMAND**

11     Plaintiff demands a trial by jury.

12  DATED: October 8, 2009          **BERMAN DeVALERIO**

13

14                   By:
                         Christopher T. Heffelfinger

15

16                   Joseph J. Tabacco, Jr.
                   James Magid
                   425 California Street, Suite 2100

17                   San Francisco, CA  94104
                   Telephone: (415) 433-3200

18                   Facsimile:  (415) 433-6282

19                   **WOLF POPPER LLP**
                   Robert M. Kornreich

20                   Carl L. Stine
                   845 Third Avenue

21                   New York, NY  10022
                   Telephone: (212) 759-4600

22                   Facsimile: (212) 486-2093

23                   Attorneys for Plaintiff

24

25

26

27

28
                                14

[CLASS ACTION COMPLAINT

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

DATE: **MAR-12-2010**

TIME: **9:00AM**

PLACE: **Department 212**
**400 McAllister Street**
**San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges