JOSEPH J. TABACCO, JR.  (75484)
(jtabacco@bermandevalerio.com)
CHRISTOPHER T. HEFFELFINGER (118058)
(cheffelfinger@bermandevalerio.com)
JAMES MAGID (233043)
(jmagid@bermandevalerio.com)
BERMAN DEVALERIO
425 California Street, Suite 2100
San Francisco, CA 94010
Telephone: (415) 433-3200
Facsimile: (415) 433-6282

Attorneys for Plaintiff

COOLEY GODWARD KRONISH LLP
JOHN C. DWYER (136533) (dwyerjc@cooley.com)
ANGELA L. DUNNING (212047) (adunning@cooley.com)
ADAM C. TRIGG (261498) (atrigg@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:     (650) 843-5000
Facsimile:     (650) 857-0663

Attorneys for Defendant
KUDELSKI INTERACTIVE CAYMAN, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLES MICHAEL FOLEY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KUDELSKI SA, KUDELSKI INTERACTIVE CAYMAN, LTD., ANDRE KUDELSKI and DOES 1 THROUGH 50,<br><br>Defendants. | Case No.  09-4896 MHP<br><br>**CLASS ACTION**<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br> AS MODIFIED |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

803913 v2/PA

1.

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO.  CGC 09-4896 MHP

WHEREAS, in the course of this litigation disclosure may be sought of confidential and sensitive commercial, financial or business information; and

WHEREAS, plaintiff Charles Michael Foley ("Plaintiff") and defendant Kudelski Interactive Cayman, Ltd. ("KIC") (collectively, the "Parties") acknowledge and agree that public disclosure of such information could injure the disclosing party or its competitive position or business operations; and

WHEREAS, the Parties desire to protect against the disclosure of confidential information except as set forth herein;

IT IS HEREBY STIPULATED AND AGREED by and between the Parties, through their respective counsel, subject to approval by the Court, that the following Stipulation and [Proposed] Protective Order (the "Protective Order") shall govern the disclosure of Confidential Information in the above-captioned action (the "Action") as follows:

**1.     Information Subject to Designation.** "Confidential Information" means any and all technical and non-technical information disclosed to the receiving party, including without limitation: (a) all originals or copies of transcripts of depositions, exhibits, and discovery responses; and (b) all documents, materials, tangible things and information obtained by inspection of files or facilities or by production of documents which set forth, refer to, or contain any confidential or sensitive commercial, financial or business information. Confidential Information may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**2.     Information Designated "CONFIDENTIAL."** Confidential Information designated as CONFIDENTIAL shall be those things that a party reasonably and in good faith believes contain or disclose information that the party, in the ordinary course of business, has taken reasonable steps to maintain as confidential and has not and would not publicly disclose. Examples of such information or materials include, without limitation, information of a proprietary business nature that may be of value to an actual or potential competitor or customer of the party or nonparty holding the proprietary rights thereto, or information that a party is under a preexisting obligation

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

803913 v2/PA

2.

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO. CGC 09-4896 MHP

to maintain as confidential. However, no party shall designate as CONFIDENTIAL, and in no event shall the restrictions set forth in this Order apply to, information or material that:

    **(a)** Was, is or becomes public knowledge (other than through violation of this Order).

    **(b)** Is acquired by a party from a non-party having the right to disclose such information or material;

    **(c)** Was lawfully possessed by the non-designating party prior to entry by the Court of this Order; or

    **(d)** Was independently developed by the non-designating party without resort to information or material produced by the designating party.

**3.** **Information Designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."** Confidential Information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be those things that meet the requirements for designation as CONFIDENTIAL and which also constitute a trade secret or other confidential research, development, or commercial or financial information, the disclosure of which would be harmful to the designating party's interest in the information. The designation by any party of Confidential Information as Highly Confidential – Attorneys' Eyes Only shall constitute a representation that such information has been reviewed by an attorney for the designating party and that, in such counsel's opinion there is a good faith basis for such designation.

**4.** **General Restrictions.** Confidential Information designated as either CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and all Confidential Information derived therefrom shall not be disclosed, given, shown, made available, or communicated in any way to any person except as provided in paragraph 6 below, shall be used only for the purposes of preparing for and conducting the litigation of the Action, including its settlement, and shall not be used for any business, financial or other purposes whatsoever.

**5.** **Method of Designation.** Confidential Information shall be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in the following manner: (a) for Confidential Information embodied in tangible material (such as documents, drawings,

pictures, graphics, software, hardware, graphs, charts, or disks), by placing a stamp in plain view or marking those words on each page of the document containing the Confidential Information being so designated; (b) for testimony, as set forth in Paragraphs 9 and 10 herein; (c) if the Confidential Information is disclosed orally or visually, by identifying the Confidential Information as such at the time of disclosure or display; and (d) for any other Confidential Information, in a manner appropriate to properly notify the opposing party and/or the Court that it is subject to the provisions of this Order.

**6. Restrictions on Use of Confidential Information Designated CONFIDENTIAL.** Except as provided below, Confidential Information designated CONFIDENTIAL shall not be disclosed, given, shown, made available or communicated in any way to any person other than the following:

   **(a)** Outside counsel to Plaintiff, Berman DeValerio and Wolf Popper LLP, including their members, partners and employed associates, paralegals, clerks and secretaries, as well as any independent contractors retained by counsel to assist in this action (*e.g.*, paralegals or clerical aides);

   **(b)** Outside counsel to KIC, Cooley Godward Kronish LLP, including its members, partners and employed associates, paralegals, clerks and secretaries, as well as any independent contractors retained by counsel to assist in this action (*e.g.*, paralegals or clerical aides);

   **(c)** Personnel of the Court, or any court exercising appellate jurisdiction with respect to the determinations of this Court, as necessary to accomplish court filings and other procedures, and stenographic reporters and videographers at depositions taken in this Action;

   **(d)** Officers, directors and employees of KIC or its parent company, Kudelski SA, who are engaged in the preparation of this case for litigation;

   **(e)** Plaintiff;

   **(f)** Experts and/or consultants, including mock jurors, who are not regularly employed by or associated with a party hereto, and whose advice is or will be used by a party in connection with this litigation, as well as any employees, associates or independent contractors
COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

803913 v2/PA                4.                STIPULATION AND [PROPOSED]
                                              PROTECTIVE ORDER
                                              CASE NO. CGC 09-4896 MHP

retained by those experts to assist in their work on this matter.  Counsel desiring to disclose Confidential Information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to any experts or consultants under this subparagraph must first obtain a signed Acknowledgement, in the form attached hereto as Exhibit A, from each such expert or consultant;

      **(g)**    Witnesses who have previously drafted, received or reviewed the Confidential Information not in violation of this Protective Order;

      **(h)**    Any jurors and alternate jurors; and

      **(i)**    Such other persons as to whom both Parties may agree in writing.  Counsel desiring to disclose Confidential Information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to any such persons under this subparagraph must first obtain a signed Acknowledgement, in the form attached hereto as Exhibit A, from each such person.

      **7.**    **Restrictions on Use of Confidential Information Designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.**  Confidential Information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall not be given, shown, made available or communicated in any way to any person other than those persons described in Paragraphs 6(a), 6(b), 6(c), 6(f), 6(g), 6(h) and 6(i) above.

      **8.**    **Failure to Designate Is Not a Waiver.**  Except as otherwise provided herein, inadvertent failure to designate Confidential Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall not be deemed a waiver of any claim of confidentiality as to such Confidential Information.  Any party hereto may designate Confidential Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY even if not initially so marked in accordance with the terms of this Order by notifying each party in writing of the Confidential Information which is to be so designated.  Treatment of such Confidential Information in a non-confidential manner by the receiving party prior to such notice shall not be deemed a breach of this Order.  However, any person receiving such notice must thereafter: (a) treat the newly designated Confidential Information as if it had been originally designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY; (b) mark all copies of such

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

803913 v2/PA

5.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO.  CGC 09-4896 MHP

Confidential Information in their possession accordingly; and (c) retrieve all copies of the Confidential Information from any person not covered by this Order.

9. **Depositions.**  Counsel will not disclose Confidential Information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to a witness testifying at a deposition except in strict conformity with the provisions of this Order.  If, during the course of any deposition, (a) an attorney of record for a party desires to make inquiry into Confidential Information subject to the designation CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or (b) an attorney of record for a party asserts that an answer to a specific inquiry is subject to the foregoing designations, the attorney shall have the right to exclude from that portion of the deposition any persons not authorized under this Order to have access to such Confidential Information.  This paragraph will not otherwise affect the deposition, hearing or other proceeding that is being recorded while it is in session.  Likewise, this paragraph will not affect the right of opposing Parties to be present during those portions of any deposition, hearing or other proceeding that do not involve the disclosure of Confidential Information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

10. **Transcripts.**  Portions of deposition transcripts may be designated either (a) during the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked either CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by the reporter, or (b) by written notice to the reporter and to all counsel of record, given within twenty (20) days after a deposition transcript is sent to counsel for the designating Party, in which case all counsel receiving the transcript shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating Party.  During this twenty (20) day designation period, all parties shall treat the deposition transcript as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

11. **Filing Procedure.**  No document treated as Confidential Information under this Protective Order may be filed under seal with the Court or submitted as evidence at trial under seal, except in accordance with the Civil Local Rule 79-5 of this Court.  Where possible, only

ATTORNEYS AT LAW
PALO ALTO

803913 v2/PA

6.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. CGC 09-4896 MHP

those portions of such filings containing Confidential Information shall be filed under seal in accordance with Civil Local Rule 79-5(c) of this Court.

**12.    Use at Trial.**  Should counsel for any Party desire to use Confidential Information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or any summary thereof or excerpt therefrom, during the trial of or at any hearing in this action, counsel shall, prior to such use, bring the confidentiality thereof to the attention of the Court and the designating party.  Counsel for the producing party may request that any portion of the transcript or exhibit containing Confidential Information be filed under seal with the Court, and be accorded protection as provided by the terms of this Order.  Counsel for the producing party may also request an instruction or order that all persons present at the time that Confidential Information is disclosed shall keep such Confidential Information confidential.  Counsel for the parties shall exercise all reasonable care not to disclose Confidential Information needlessly in the public record of this proceeding nor to persons not entitled under this Order to receive such Information.

**13.    Preserving Confidentiality.**  All persons receiving Confidential Information shall take all necessary and proper steps to preserve the confidentiality of information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

**14.    Scope of Order; No Waiver Of Objections.**  The designation by counsel for the disclosing party of any Confidential Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is intended solely to facilitate the preparation and trial of this case.  Nothing contained in this Order shall in any way affect the admissibility of any document, testimony or other evidence at the trial of the Action, and nothing herein shall be construed as: (a) a waiver by any party or person of its right to object to any discovery request; (b) an admission that any evidence exists or that evidence which may exist is relevant in any way to the issues; or (c) a waiver of any claim of privilege or other protection from discovery.  Any party seeking disclosure of Confidential Information shall retain whatever burden it has under the Federal Rules of Civil Procedure and the Federal Rules of Evidence for production or disclosure.

**15.    Disputes About Designations.**  If, subsequent to a party's acceptance of Confidential Information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS'

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

803913 v2/PA

7.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. CGC 09-4896 MHP

EYES ONLY, it appears to such accepting party that the information so designated is not of a nature warranting the protection afforded hereunder, counsel shall request the removal or redesignation of the designated status.  Counsel to whom a request for removal or redesignation of confidentiality is made shall reply as soon as reasonably practicable as to whether it will comply.  If opposing counsel fails to respond within a reasonable period or responds that it will not comply with such request, then any party may, at any time thereafter, bring a noticed motion to be relieved entirely or in part from the provisions of this Order.  In the event of such a motion, it shall be the burden of the party designating the material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to justify the designation in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Court's local rules and other applicable law.  Until a determination by the Court as to the propriety of the designation, the Confidential Information shall be treated in accordance with its designation.

A party shall not be obligated to object to the propriety of any designation at the time such designation is made, and failure to do so or any delay in objecting will not in any way prejudice the right to later challenge the designation pursuant to this paragraph.

**16.    Non-Party Confidentiality.**  In the event any non-party is called upon in this Action to produce information which it reasonably believes constitutes or discloses trade secrets, commercial information, or other information which it is entitled to maintain in confidence, such non-party may elect to become a party to the terms of this Order for the purpose of protecting its information by serving written notice of its election on counsel for each Party.  After service of such a notice of election and execution of the Acknowledgement attached hereto as Exhibit A, this Order will be binding on and inure to the benefit of such non-party.

**17.    Subpoena of Confidential Information.**  Whenever a Party, or any signatory to the attached Acknowledgement, is requested by one not already subject to this Order, pursuant to subpoena, request for production of documents, or other lawful process or request ("request"), to produce or disclose any Confidential Information designated under this Order as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, that Party or signatory shall, as soon as is reasonably practicable, but no later than ten (10) days after service of that request, notify the

designating party's attorney of record and provide such attorney with a copy of the request. If the designating party objects to the production, the designating party may file a motion for a protective order to prevent the disclosure of such Confidential Information to the subpoenaing party. Pending resolution of such motion, the subpoenaed party shall not produce the Confidential Information requested in the subpoena except pursuant to a court order (or other order which subjects the party to penalties for noncompliance). However, if the designating party fails to bring a timely motion for a protective order pursuant to this paragraph, or if such motion is denied, this Order shall be of no effect with regard to the subpoenaed party's obligation to produce or withhold documents or information sought in the subpoena.

**18.    Acknowledgements.** Counsel shall be responsible for maintaining copies of all Acknowledgments signed by persons receiving information designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Within sixty (60) days of the final disposition of this action, whether by judgment (including exhaustion of all appeals), settlement or otherwise, counsel for each party who has received Confidential Information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in this Action shall provide to opposing counsel a copy of each Acknowledgement obtained or executed by that party pursuant to paragraphs 6(f) and 6(i) of this Protective Order.

**19.    Disposal of Confidential Information.** Within sixty (60) days of the final disposition of this action, whether by judgment (including exhaustion of all appeals), settlement or otherwise, each attorney of record will either: (a) promptly return to the party or witness from whom obtained all Confidential Information which has been marked CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and all copies made thereof, or (b) destroy all such Confidential Information, as counsel for the disclosing party directs. However, each attorney of record may retain any work product containing Confidential Information and one archive copy of any items filed with the Court subject to the terms of this Order. With respect to the Confidential Information being returned or destroyed, counsel of record shall certify in writing that all copies are being returned or have been destroyed, except for the archive copy, if any. To the extent that any Confidential Information has been filed under seal with the Court, such documents may be

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

803913 v2/PA

9.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO.  CGC 09-4896 MHP

1  retrieved from the clerk's office by the designating party within sixty (60) days of said final
2  termination.

3  **20.    Inadvertent Disclosure of Privileged Material.**  In the event that a party inadvertently produces to any other party documents or information that are privileged in whole or in part pursuant to the attorney-client privilege, work product doctrine, or other applicable privilege, the privilege shall not be deemed waived so long as the party inadvertently producing the privileged documents or information timely provides written notice of the inadvertent disclosure.  Upon receipt of such notice, all receiving parties shall return any privileged documents or information to the producing party, and destroy any copies of privileged documents.  The parties to this Order agree to refrain from taking the position that the documents or information are not privileged on the ground that they were inadvertently produced in this action.  All other objections of a party to the claim of privilege, however, shall be retained.

**21.    Amendment.**  This Order may be amended by written stipulation of the parties filed with and approved by the Court.  However, nothing in this Order shall preclude any party from petitioning the Court for additional protection with respect to any Confidential Information as that party considers necessary and appropriate, including applying for an order modifying this Order in any respect.

**22.    Termination.**  The provisions of this Order will continue in effect until otherwise ordered by the Court after notice and an opportunity to be heard is afforded to all parties.  The final determination or settlement of this Action does not relieve any person who has received Confidential Information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or agreed to be bound by the terms of this Protective Order of their obligations hereunder.  This Court will retain jurisdiction after such final determination or settlement to enforce the provisions of this Order and to make such modifications and additions to this Order as the Court deems appropriate.

///

///

///

**23.    Stipulation.**  The parties to this litigation, by and through their respective attorneys of record, hereby agree and stipulate to be bound by the terms of this Order.  This Order may be executed in multiple counterparts.

IT IS SO STIPULATED.

Dated: October 26, 2009                BERMAN DEVALERIO

By: /s/_____
          Christopher T. Heffelfinger

Attorneys for Plaintiff
CHARLES MICHAEL FOLEY

Dated: October 26, 2009                COOLEY GODWARD KRONISH LLP

By: /s/_____
          Angela L. Dunning

Attorneys for Defendant
KUDELSKI INTERACTIVE CAYMAN, LTD.

**Filer's Attestation**:  Pursuant to General Order No. 45, Section X(B) regarding signatures, Angela L. Dunning hereby attests that concurrence in the filing of this document has been obtained.

**ORDER**

The Stipulation and Protective Order is hereby ADOPTED AND APPROVED.  The parties are hereby ordered to comply with all of its terms.  subject to attached modification Order.

IT IS SO ORDERED.

Dated: 10/28/09
_____

HONORABLE MARILYN H. PATEL
UNITED STATES DISTRICT JUDGE

*IT IS SO ORDERED — Judge Marilyn H. Patel*

803913 v2/PA

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. CGC 09-4896 MHP

# EXHIBIT A

## ACKNOWLEDGMENT

By my signature, I hereby acknowledge that I have read the Stipulation and Protective Order ("Protective Order") entered in *Foley v. Kudelski SA et al.*, Case No. 09-4896 MHP, pending in the United States District Court for the Northern District of California. I understand that all information and documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY are to remain confidential under the terms of the Protective Order, and hereby agree to be bound by the terms thereof. I further agree to subject myself to the jurisdiction of the United States District Court for the Northern District of California with respect to all matters relating to compliance with this Acknowledgment.

I declare under penalty of perjury that the foregoing is true and correct and that this Acknowledgement is entered this _____ day of _____, at _____.

Signature: _____

Name: _____

Position: _____

Company: _____

Address: _____

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

803913 v2/PA

12.

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO. CGC 09-4896 MHP

# ORDER APPROVING AND MODIFYING STIPULATED PROTECTIVE ORDER

## IN C 09-4896 MHP *Charles M Foley -v- Kudelski SA et al*

The above (attached) stipulation re confidentiality is approved except as follows:

1) Counsel shall narrowly tailor the documents, materials or papers that come within this order

2) As applied to documents, materials or papers filed with the court, this order shall be used sparingly to cover only those items that are clearly trade secret, come within clearly defined areas of privileges accepted in the federal courts, or have a <u>compelling</u> need for confidentiality.

3) Documents, material or papers submitted as exhibits to or in support of motions or for pretrial, trial or other court proceedings shall not be filed under seal except by order the court. The parties are reminded that the federal courts are public fora and matters to be heard by the court are conducted publicly. Furthermore, documents, materials or other papers submitted as exhibits will remain as part of the court record and may not be withdrawn without order of the court.

4) Under no circumstances shall memoranda or pleadings required to be filed with the court pursuant to the Federal Rules of Civil Procedure or the Civil Local Rules of this District be filed under seal.

**IT IS SO ORDERED.**

Dated: 10/28/09

Marilyn Hall Patel
United States District Court Judge