1  Joseph J. Tabacco, Jr. (75484)
   Christopher T. Heffelfinger (118058)
2  Anthony D. Phillips (259688)
   **BERMAN DeVALERIO**
3  One California Street, Suite 900
   San Francisco, CA  94111
4  Telephone: (415) 433-3200
   Facsimile:  (415) 433-6282
5  Email: jtabacco@bermandevalerio.com
         cheffelfinger@bermandevalerio.com
6         aphillips@bermandevalerio.com

7  Robert M. Kornreich
   Carl L. Stine
8  **WOLF POPPER LLP**
   845 Third Avenue
9  New York, NY  10022
   Telephone: (212) 759-4600
10 Facsimile: (212) 486-2093
   Email: rkornreich@wolfpopper.com
11       cstine@wolfpopper.com

12 *Interim Co-Lead Counsel for Plaintiff*

13 John C. Dwyer (136533)
   Angela L. Dunning (212047)
14 **COOLEY LLP**
   Five Palo Alto Square3000 El Camino Real
15 Palo Alto, CA 94306
   Telephone: (650) 843-5000
16 Facsimile: (650) 849-7400
   Email: dwyerjc@cooley.com
17       adunning@cooley.com

18 *Attorneys for Defendant Kudelski Interactive
   Cayman, Ltd.*

19

20              **UNITED STATES DISTRICT COURT**

21          **NORTHERN DISTRICT OF CALIFORNIA**

22 IN RE OPENTV CORP. SHAREHOLDER          ) Case No. C-09-04896 MHP
23 LITIGATION                              )
                                           ) **[PROPOSED] ORDER**
24                                         ) **PRELIMINARILY APPROVING**
                                           ) **SETTLEMENT AND PROVIDING FOR**
25                                         ) **NOTICE**
                                           )
26                                         )

27

28

1   WHEREAS, the parties to the above-captioned consolidated action (the "Consolidated

2   Action") have entered into a Stipulation and Agreement of Compromise, Settlement and Release

3   dated July 9, 2010 (together with all exhibits thereto, the "Stipulation"), which sets forth the

4   terms and conditions of a proposed settlement of the Action (the "Settlement") and provides for

5   dismissal of the Action on the merits and with prejudice and the release of all Settled Claims

6   against all Released Persons;

7       WHEREAS, the parties have applied to the Court pursuant to Rule 23(e) of the Federal

8   Rules of Civil Procedure for an order preliminarily approving the Stipulation and the Settlement,

9   certifying the Consolidated Action as a class action for settlement purposes, and directing notice

10  to the Class;

11      WHEREAS, no claims administration proceeding is necessary as (1) the tender offer for

12  shares of Class A common stock of OpenTV Corp. ("OpenTV") that gave rise to the Action has

13  closed and OpenTV is no longer a publicly traded company, (2) the remedies and disclosures

14  sought by Plaintiffs which are the subject of the proposed Settlement have already been

15  provided, (3) there will be no settlement fund to distribute to Class members, and (4) Defendant

16  Kudelski Interactive Cayman, Ltd. ("KIC") has consented to providing notice in the manner

17  described below; and

18      WHEREAS, the Court has read and considered the Stipulation and the Settlement provided

19  for therein and good cause appearing,

20      NOW, THEREFORE, IT IS HEREBY ORDERED:

21      1.      This Order (the "Preliminary Approval Order") hereby incorporates by reference

22  the definitions in the Stipulation, and all terms used herein shall have the same meanings as set

23  forth in the Stipulation.

24      2.      The Court hereby preliminarily approves the Settlement of the Consolidated

25  Action as set forth in the Stipulation as fair, just and reasonable and adequate to the Class,

26  subject to further consideration at the Final Settlement Hearing described below.

27

28

1  **CLASS CERTIFICATION**

2       3.      The Court hereby conditionally certifies pending a final hearing, a non-opt-out

3  class pursuant to Rules 23(a), 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure, on

4  behalf of all Persons holding Class A shares of OpenTV between October 5, 2009 and November

5  25, 2009, inclusive, and their successors in interest and transferees, immediate and remote (the

6  "Class").  Excluded from the Class are Defendants and their affiliates, successors in interest,

7  predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees,

8  immediate or remote, and any Person acting for or on behalf of, or claiming under any of them,

9  and each of them.

10      4.      The Court conditionally finds, for the purpose of the Settlement only, that the

11 prerequisites for a class action under Rules 23(a), (b)(1) and (b)(2) of the Federal Rules of Civil

12 Procedure have been satisfied in that: (a) the number of Class members is so numerous that

13 joinder of all members thereof is impracticable; (b) there are questions of law and fact common

14 to the Class: (c) the claims of plaintiff Charles Michael Foley are typical of the claims of the

15 Class he seeks to represent; (d) Mr. Foley has fairly and adequately represented the interests of

16 the Class; (e) prosecuting separate actions by or against individual Class members would create a

17 risk of (i) inconsistent or varying adjudications with respect to individual Class members that

18 would establish incompatible standards of conduct for Defendants or (ii) adjudications with

19 respect to individual Class members that, as a practical matter, would be dispositive of the

20 interests of the other members not parties to the individual adjudications or would substantially

21 impair or impede their ability to protect their interests; and (f) in conducting the tender offer,

22 Defendant KIC has allegedly acted or refused to act on grounds that apply generally to the Class,

23 such that the relief afforded pursuant to the Settlement appropriately affects the Class as a whole.

24      5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of

25 the Settlement only, plaintiff Charles Michael Foley is appointed as the Class Representative

26 (hereinafter, "Lead Plaintiff") and Wolf Popper LLP and Berman DeValerio are appointed as

27 Co-Lead Counsel for the Class.

28

**PLAN OF NOTICE**

6.     KIC is hereby directed to provide notice of the Settlement to the Class as follows (the "Plan of Notice"):

A.     **OpenTV Website Posting**. Within ten (10) business days of entry of this Preliminary Approval Order, KIC, at its own expense, shall cause OpenTV to post an easily accessible and visible banner to appear on the home page of the OpenTV corporate website, located at www.opentv.com, stating the following: "OPENTV ANNOUNCES A CLASS ACTION SETTLEMENT OF *IN RE OPENTV CORP. SHAREHOLDER LITIGATION*, CASE NO. C-09-04896 MHP (N.D. CA), ARISING FROM THE KUDELSKI GROUP'S OCTOBER 5, 2009 TENDER OFFER TO ACQUIRE CLASS A SHARES OF OPENTV." The banner shall allow any visitor who clicks on it to link to a webpage from which visitors may access and download copies of the following documents: (1) the Notice substantially in the form annexed as Exhibit B-1 to the Stipulation; (2) the Stipulation; (3) a copy of the proposed form of Judgment and Final Order of Dismissal in the form annexed as Exhibit C to the Stipulation; (4) a copy of this Preliminary Approval Order; and (5) such other and further orders as the Court may issue in the Consolidated Action following the date of this Preliminary Approval Order.  The webpage accessible from the banner shall also provide that inquiries regarding any aspect of the Stipulation and Settlement, including the Notice, should be directed to Co-Lead Counsel, and shall provide Co-Lead Counsel's respective names, addresses and phone numbers.

B.     **Press Release**. Within ten (10) business days of entry of this Preliminary Approval Order, KIC, at its own expense, shall cause a press release, substantially in the form annexed hereto as Exhibit B-2 to the Stipulation, to be issued by a national news service. Thereafter, KIC, at its own expense, shall cause the same press release to be issued once per week for two additional, consecutive weeks.

C.     **Class Action Fairness Act**. KIC shall comply with all applicable notice requirements under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA").

7.     The Court approves the Plan of Notice, and finds that the form and method of notice specified herein constitutes due and sufficient notice to all Persons entitled to receive such

1  notice and shall fully satisfy the requirements of due process, Rule 23 of the Federal Rules of

2  Civil Procedure, the Rules of Court and all other applicable laws and rules.

3      8.     No later than October 25, 2010, counsel for KIC shall cause to be filed with the

4  Clerk of this Court affidavits or declarations of the person or persons under whose general

5  direction the Plan of Notice was implemented, showing that the Plan of Notice has been

6  implemented in accordance with this Preliminary Approval Order.

7  **HEARING: RIGHT TO BE HEARD**

8      9.     There shall be a hearing on **November 15, 2010, at 2:00 p.m.** (the "Final

9  Settlement Hearing") before the Honorable Marilyn H. Patel at the United States District Court

10 for the Northern District of California, 450 Golden Gate Avenue, Courtroom 15, San Francisco,

11 CA 94102, to determine:

12     A.     Whether the proposed Settlement of the Consolidated Action on the terms

13 and conditions provided for in the Stipulation is fair, reasonable, adequate, and should be

14 approved by the Court;

15     B.     Whether a Judgment as provided in the Stipulation should be entered; and

16     C.     The amount of attorneys' fees and expenses, if any, that should be

17 awarded to Plaintiffs' Counsel and the amount of any incentive award to Lead Plaintiff.

18     10.    Papers in support of the Settlement and Co-Lead Counsels' Attorneys' Fee and

19 Incentive Award Application shall be filed no later than October 15, 2010. Reply papers, if any,

20 shall be filed no later than November 8, 2010.

21     11.    Any member of the Class may enter an appearance in the Consolidated Action, at

22 his, her, or its own expense, individually or through counsel of their own choice. If they do not

23 enter an appearance, they will be represented by Co-Lead Counsel, who are hereby authorized to

24 act on behalf of the Class with respect to all acts required by, or which may be taken pursuant to,

25 the Stipulation, or such other acts that are reasonably necessary to consummate the proposed

26 Settlement set forth in the Stipulation.

27     12.    Any member of the Class may appear at the Final Settlement Hearing and show

28 cause why the proposed Settlement embodied in the Stipulation should or should not be

1   approved as fair, reasonable and adequate, or why the Judgment should or should not be entered

2   thereon, and/or to present opposition to the Attorneys' Fee and Incentive Award Application.

3   However, no Person shall be heard or entitled to contest the approval of the terms and conditions

4   of the Settlement, or, if approved, the Judgment to be entered thereon, or the Attorneys' Fee and

5   Incentive Award Application unless that Person has (i) served written objections, by hand or first

6   class mail, in the manner specified in the Notice upon the following counsel for receipt no later

7   than November 1, 2010:

8   BERMAN DeVALERIO                          COOLEY GODWARD KRONISH LLP
    Christopher T. Heffelfinger              Angela L. Dunning
9   One California Street, Suite 900         Five Palo Alto Square
    San Francisco, CA  94111                 3000 El Camino Real
10  Telephone: (415) 433-3200                Palo Alto, CA 94306
    Facsimile:  (415) 433-6282               Telephone: (650) 843-5000
11                                           Fax: (650) 849-7400

12  *Co-Lead Counsel for Plaintiffs*         *Attorneys for Defendant Kudelski Interactive
                                             Cayman, Ltd.*
13  WOLF POPPER LLP
    Carl L. Stine
14  845 Third Avenue
    New York, New York 10022
15  Tel: 212 451-9612
    Fax: 212 486-2093
16
    *Co-Lead Counsel for Plaintiffs*
17

18  and (ii) filed said objections, papers and briefs with the Clerk of the United States District Court

19  for the Central District of California.  If the objector intends to appear at the Final Settlement

20  Hearing, he, she or it must also comply with the requirements set forth in the Notice for making

21  such an appearance.  Any Class Member who does not make his, her or its objection in the

22  manner provided for herein shall be deemed to have waived such objection and shall forever be

23  foreclosed from making any objections to the fairness, reasonableness or adequacy of the

24  Settlement as incorporated in the Stipulation or to Attorneys' Fee and Incentive Award

25  Application. The manner in which a notice of objection should be prepared, filed and delivered

26  shall be as stated in the Notice.

27       13.     Defendants have denied any liability, fault or wrongdoing of any kind in

28  connection with the allegations in the Consolidated Action, and as such, neither the Stipulation,

1  nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it,

2  shall be construed as an admission or concession by any Defendant or any other Released Person

3  of the truth of any of the allegations in the Consolidated Action, or of any liability, fault or

4  wrongdoing of any kind.

5        14.    The Court reserves the right to extend any of the deadlines set forth in this

6  Preliminary Approval Order or to adjourn or continue the Final Settlement Hearing, or any

7  adjournment or continuance thereof, without further notice of any kind to the Class. The Court

8  may approve the Settlement, with such modifications as may be agreed to by the Settling Parties,

9  if appropriate, without further notice to the Class.

10        15.    The Court further retains jurisdiction over this Action to consider all further

11  matters arising out of or connected with the Settlement reflected in the Stipulation, including

12  enforcement of the releases provided for in the Stipulation.

13        16.    All Class members shall be bound by all determinations, orders and judgments in

14  the Consolidated Action concerning the Settlement, whether favorable or unfavorable to the

15  Class.

16        17.    All proceedings in the Consolidated Action, other than such proceedings as may

17  be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and

18  suspended until further order of this Court.

19        18.    Pending final determination of whether the Settlement should be approved,

20  Plaintiffs and all members of the Class, and each of them, are barred and enjoined from

21  commencing, prosecuting, instigating or in any way participating in the commencement or

22  prosecution of any action asserting any Settled Claims, either directly, representatively,

23  derivatively or in any other capacity, against any Released Person.

24        19.    If the Court approves the Settlement following the Final Settlement Hearing, the

25  Judgment shall be entered as described in the Stipulation.

26        20.    If the Settlement, including any modification made with the agreement of the

27  Settling Parties, is not approved by the Court or for the Effective Date does not occur for any

28  reason whatsoever, the Settlement (including any modification thereof made with the consent of

1   the parties as provided for in the Stipulation), and conditional Class certification herein and any

2   actions taken or to be taken in connection therewith (including this Order and any judgment

3   entered herein) shall be terminated and shall be rendered null and void to the extent provided by,

4   and in accordance with, the Stipulation and shall be vacated and, in such event, all orders entered

5   and releases delivered in connection herewith shall be null and void to the extent provided by

6   and in accordance with the Stipulation.  In that event, neither the Stipulation, nor any provision

7   contained in the Stipulation, nor any action undertaken pursuant thereto, nor the negotiation

8   thereof by any of the Parties shall be deemed an admission or received as evidence in this or any

9   other action or proceeding.

10      IT IS SO ORDERED.

11   Dated: July 26, 2010

12                                        HONORABLE MARILYN H. PATEL
                                          UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[C-09-04896 MHP] [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE                                                              7