Joseph J. Tabacco, Jr. (75484)
Christopher T. Heffelfinger (118058)
Anthony D. Phillips (259688)
**BERMAN DEVALERIO**
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-3200
Facsimile: (415) 433-6282
Email: jtabacco@bermandevalerio.com
         cheffelfinger@bermandevalerio.com
         aphillips@bermandevalerio.com

Robert M. Kornreich
Carl L. Stine (admitted *pro hac vice*)
**WOLF POPPER LLP**
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093
Email: rkornreich@wolfpopper.com
         cstine@wolfpopper.com

*Interim Co-Lead Counsel for Plaintiffs*

John C. Dwyer (136533)
Angela L. Dunning (212047)
**COOLEY LLP**
Five Palo Alto Square 3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
Email: dwyerjc@cooley.com
         adunning@cooley.com

*Attorneys for Defendant Kudelski Interactive Cayman, Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OPENTV CORP. SHAREHOLDER LITIGATION | Case No. C-09-04896 MHP <br> <u>CLASS ACTION</u> <br> [~~PROPOSED~~] **FINAL JUDGMENT AND ORDER OF DISMISSAL** |

This matter came before the Court for hearing on the 15th day of November, 2010 ("Final Settlement Hearing"), pursuant to the Order of this Court dated July 26, 2010 ("Preliminary Approval Order"), on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation and Agreement of Compromise, Settlement and Release dated July 9, 2010 (with all exhibits thereto, the "Stipulation"). Due and adequate notice having been given to the Class as required in the Preliminary Approval Order, and the Court having considered all papers filed and matters submitted to it at the Final Settlement Hearing and otherwise being fully informed in the premises and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court has jurisdiction over the subject matter of the Consolidated Action and all parties thereto, including Plaintiffs, all Class Members and Defendants.

2. This Judgment incorporates by reference all definitions in the Stipulation, and all capitalized terms used, but not defined, herein shall have the same meanings as set forth in the Stipulation;

3. Notice has been given to the Class as provided in the Preliminary Approval Order. The Court hereby finds that the form and manner of notice provided to the Class: (a) constituted the best notice practicable under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class members of the pendency and nature of the Consolidated Action, of the effect of the Stipulation and the Settlement, including the releases provided for therein, of their right to object to the proposed Settlement, and of their right to appear at the Final Settlement Hearing; and (c) fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the Rules of Court, and any other applicable law.

4. All members of the Class are bound by the Judgment herein.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies the Consolidated Action as a class action for purposes of effectuating the Settlement, on behalf of a Class consisting of all Persons holding Class A shares of OpenTV Corp. between October 5, 2009 and November 25, 2009, inclusive, and their successors in interest and transferees, immediate and remote. Excluded from the Class are Defendants and

1  their affiliates, successors in interest, predecessors, representatives, trustees, executors,
2  administrators, heirs, assigns or transferees, immediate or remote, and any Person acting for or
3  on behalf of, or claiming under any of them, and each of them.

4        6.    In connection with the certification of the Class for purposes of effectuating the
5  Settlement, this Court hereby finds that each of the provisions of Fed. R. Civ. P. 23 has been
6  satisfied, and the Consolidated Action has been properly maintained according to the provisions
7  of Rules 23(a) and 23(b)(1) and (2). Specifically, this Court finds and concludes that: (a) the
8  number of Class members is so numerous that joinder of all members thereof is impracticable;
9  (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiff
10 Charles Michael Foley are typical of the claims of the Class he seeks to represent; (d) Lead
11 Plaintiff has fairly and adequately represented the interests of the Class; (e) prosecuting separate
12 actions by or against individual Class members would create a risk of (i) inconsistent or varying
13 adjudications with respect to individual Class members that would establish incompatible
14 standards of conduct for Defendants or (ii) adjudications with respect to individual Class
15 members that, as a practical matter, would be dispositive of the interests of the other members
16 not parties to the individual adjudications or would substantially impair or impede their ability to
17 protect their interests; and (f) in conducting the tender offer, Defendant KIC has allegedly acted
18 or refused to act on grounds that apply generally to the Class, such that the relief afforded
19 pursuant to the Settlement appropriately affects the Class as a whole.

20       7.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby
21 finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests
22 of the Class. The Court further finds that the Settlement is the result of arms'-length negotiations
23 between experienced counsel representing the interests of the Settling Parties. Accordingly, the
24 Settlement embodied in the Stipulation is hereby finally approved in all respects. The Settling
25 Parties are hereby authorized and directed to comply with and to consummate the Settlement in
26 accordance with the terms and provisions of the Stipulation.

27       8.    The Consolidated Action and all claims asserted therein, including in any and all
28 of the Complaints, as well as all of the Settled Claims are hereby dismissed with prejudice as to

all Plaintiffs and all Class members as against each and all of the Defendants and other Released Persons and without costs except as provided in the Stipulation.

9. Upon the Effective Date, Plaintiffs and all Class members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settled Claims (including Unknown Claims) as well as any and all claims arising out of, relating to, or in connection with the defense, Settlement or resolution of the Consolidated Action against the Released Persons, and shall be forever enjoined from instituting, prosecuting or maintaining the Settled Claims or any claims arising out of, relating to, or in connection with the defense, settlement or resolution of the Consolidated Action against any Released Person in any forum.

10. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Releasing Persons from any and all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Consolidated Action or the Settled Claims and shall be forever enjoined from instituting, prosecuting or maintaining such claims in any forum.

11. Notwithstanding ¶¶ 9-10, inclusive, above, nothing in this Judgment shall bar any action or claim by the Settling Parties or the Released Persons to enforce or effectuate the terms of the Stipulation or this Judgment.

12. The Court finds that all Parties to the Consolidated Action and their counsel have complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure and all other similar rules and laws as to all proceedings herein.

13. Neither this Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

(a) Offered or received against any Released Person as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been asserted in the Consolidated Action or in any

1  litigation, or the deficiency of any defense that has been or could have been asserted in the
2  Consolidated Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of
3  any Released Person;

4        (b)    Offered or received against any Released Person as evidence of a
5  presumption, concession or admission of any fault, misrepresentation or omission with respect to
6  any statements or written document approved or made by or at the direction of any Released
7  Person;

8        (c)    Offered or received against any Released Person as evidence of a
9  presumption, concession or admission with respect to any liability, negligence, fault or
10 wrongdoing, or in any way referred to or for any other reason as against any Released Person, in
11 any other civil, criminal or administrative action or proceeding, other than such proceedings as
12 may be necessary to effectuate the provisions of the Stipulation; provided, however, that any and
13 all of the Released Persons may refer to and file the Stipulation and/or this Judgment in any
14 action that may be brought against them, in order to support a defense or counterclaim based on
15 the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith
16 settlement, judgment bar or reduction or any other theory or claim preclusion or issue preclusion
17 or similar defense or counterclaim;

18       (d)    Construed against any Released Person or the Class as an admission or
19 concession that the consideration to be given hereunder represents the amount which could be or
20 would have been recovered after trial; or

21       (e)    Construed as, or received in evidence as, an admission, concession or
22 presumption against the Plaintiff, Plaintiff's Counsel or the Class that any of its claims are
23 without merit.

24       14.    The Court hereby approves an award in the total sum of $ 873,500.00 (U.S),
25 payable by defendant Kudelski Interactive Cayman, Ltd. ("KIC"), which includes the payment of
26 plaintiffs' attorneys' fees, costs, and the payment of an incentive award to Lead Plaintiff Foley in
27 the amount of $1,500.00, which the Court finds to be fair and reasonable. Defendant KIC is
28 directed to pay Plaintiffs' Counsel this Attorneys' Fee and Incentive Award in accordance with

the terms of the Stipulation. Neither Lead Plaintiff nor any counsel representing any Plaintiff or any other Class Member in the Consolidated Action shall make any further or additional application for fees and expenses related to the Consolidated Action, to the Court or any other court. The provisions of this ¶ 14 shall be considered separate from the Judgment and shall not disturb or affect the finality of the Judgment in any way.

15.   Without affecting the finality of this Judgment in any way, the Court hereby retains exclusive jurisdiction over the Consolidated Action, Plaintiffs, the Class and all Released Persons for purposes of: (a) implementing, enforcing, construing, interpreting, and administering the Stipulation and this Judgment.

16.   In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17.   There is no just reason for delay in the entry of this Judgment, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: Nov. 15, 2010

_____
HONORABLE MARILYN H. PATEL
UNITED STATES DISTRICT JUDGE